NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

BRYAN WALTERS, *Plaintiff/Appellant*,

*v.*

STATE OF ARIZONA, *Defendant/Appellee*.

No. 1 CA-CV 23-0703
FILED 05-28-2024

Appeal from the Superior Court in Maricopa County
No. CV2022-016758
The Honorable Timothy J. Ryan, Judge

**AFFIRMED**

COUNSEL

Bryan Walters, Jacksonville, Florida
 *Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Connie Totorica Gould, Rebecca Banes
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Vice Chief Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge Anni Hill Foster and Judge Brian Y. Furuya joined.

---

**H O W E**, Judge:

¶1 Bryan Walters appeals the trial court's grant of the State's motion to dismiss his complaint. We affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2 Walters purports to be a student at Arizona State University ("ASU") and claims to have had run-ins with ASU Police Department deputies in 2022. Sometime in September, he was questioned outside the ASU School of Life Sciences and asked to leave. He alleged that on September 23, police detained and questioned him twice: once at ASU's West campus, where an officer purportedly took his ASU identification card, and once outside the Herberger Institute for Design and the Arts. On September 27, he was asked to leave the ASU downtown campus after he was found sitting outside the law college building. And finally, he alleged that while sleeping outside the business school in the early hours of September 29, an officer "stole" his backpack. ASU police contacted him later that morning to let him know his backpack, wallet, and phone were at ASU police's lost and found. His laptop, however, was missing.

¶3 Based on the officers' alleged actions in these incidents, Walters sued the State in December 2022. He claimed theft, armed robbery, unlawful imprisonment, civil rights violations, and, inexplicably, employment discrimination. For damages, Walters requested compensation in the form of a 4000 square foot condominium in Phoenix, three luxury vehicles, his own Motor Grand Prix racing team, a four-year contract with the Arizona Diamondbacks, and $900 billion per week for the rest of his life.

¶4 Before serving the State with his complaint, Walters applied for default judgment. The court denied the application, finding it incomplete. Walters then filed several more applications for default judgment before finally serving the State with his complaint in March 2023.

After the State moved to dismiss Walters's complaint for failure to state a claim, he moved to continue his motion for default judgment.

**¶5**          The State moved to dismiss Walters's complaint, arguing that Walters had not complied with Arizona's notice of claim statute and that a 42 U.S.C. § 1983 claim may not be brought against the State or be based on vicarious liability. Shortly afterwards, in late April, Walters filed a notice of claim. The court granted the motion to dismiss. In granting the motion, the court deemed all other pending matters, including Walters's motions for default judgment and motion for continuance, to be moot. It entered a final judgment, from which Walters timely appeals. This court has jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶6**          Walters presents two issues on appeal: first, whether the trial court erred in declining to enter default judgment against the State, and second, whether the court erred in dismissing Walters's complaint.

## I.     Default Judgment

**¶7**          Walters argues that the trial court erred in failing to enter a default judgment against the State. The trial court may enter default judgment "[i]f a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Ariz. R. Civ. P. 55(a)(1).

**¶8**          Though Walters filed his complaint in December, he did not serve the State until March 28, 2023. The State had twenty days under Ariz. R. Civ. P. 12(a)(1)(A)(i) to file its responsive pleading. It did so. Because the State did "plead or otherwise defend" against the complaint, no basis for a default judgment existed. The trial court did not err.

## II.    Dismissal

**¶9**          This court reviews the dismissal of a complaint under Arizona Rule of Civil Procedure 12(b)(6) de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 355 ¶ 7 (2012). Dismissal is appropriate if "as a matter of law [ ] plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof." *Id.* at 356 ¶ 8 (brackets in original) (internal quotation marks omitted).

**¶10**         Walters brought both state law and 42 U.S.C. § 1983 claims against the State. The state law claims fail because he did not comply with Arizona's notice of claim statute, A.R.S. § 12–821.01. Although the trial

court did not expressly address Walters's state law claims, this court "will affirm the court's ruling if the result was legally correct for any reason." *Schooley v. Pena*, 253 Ariz. 185, 188 ¶ 10 (App. 2022) (internal quotation marks omitted). Walters based his state law claims on A.R.S. §§ 13-1303, -1802, -1904, and 41-1463.[1]

**¶11** "Persons who have claims against a public entity, public school or a public employee shall file claims . . . within one hundred eighty days after the cause of action accrues." A.R.S. § 12-821.01(A). Walters alleged that the State violated his rights during incidents that took place between September 23 and October 3, 2022. One hundred eighty days after October 3, 2022, was April 1, 2023; but Walters did not file his notice of claim until April 28, in response to the State's motion to dismiss. His notice of claim was thus untimely, and his state law claims were barred.

**¶12** Section 1983 provides a federal remedy against a person who, acting under the color of state law, deprives another person of their federal constitutional rights. 42 U.S.C. § 1983. Walters's claim fails because "a State is not a person within the meaning of § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989). Walters's complaint alleged vicarious liability, but "vicarious liability is inapplicable to [ ] § 1983 suits." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Instead, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Walters neither named specific officers as defendants nor communicated how their actions violated his constitutional rights. He has thus shown no error.

---

[1] On appeal, Walters attempts to add new claims based on A.R.S. §§ 13-2907, -2907.01, and 41-1442. "Generally, a party cannot argue on appeal legal issues and arguments that have not been specifically presented to the [trial] court," *Alulddin v. Alfartousi*, 255 Ariz. 436, 442 ¶ 20 (App. 2023), and we therefore decline to address these new claims.

**CONCLUSION**

¶13        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV